UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHERRY JANSSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 09-3340-JES-BGC |
| DAVID HOWSE, NEIL WILLIAMSON, and SANGAMON COUNTY, | ) |
| Defendants. | ) |

## DEFENDANT HOWSE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DAVID HOWSE, by and through his attorneys, Hinshaw & Culbertson LLP, for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Sherry Janssen ("Janssen") is a female resident of Springfield, Sangamon County, Illinois.

**ANSWER:** **On information and belief, admitted.**

2. Defendant David Howse ("Deputy Howse") is a male deputy sheriff of Sangamon County, Illinois, and is sued both in his official and individual capacity.

**ANSWER:** **Admitted.**

3. Defendant Sangamon County is a municipal corporation and a political subdivision of the State of Illinois. Defendant Neil Williamson ("Sheriff Williamson") is the Sheriff of Sangamon County and is sued solely in his official capacity.

**ANSWER:** **Defendant admits Williamson is the Sheriff of Sangamon County but is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph 3.**

4. The transactions alleged in this Complaint all occurred in Sangamon County, Illinois, within the Springfield Division of the Central District of Illinois.

**ANSWER:** **Defendant admits that the allegations arose in Sangamon County but denies any liability whatsoever.**

5. At approximately 2:30 a.m., January 1, 2009, Plaintiff Sherry Janssen called 911 and requested emergency law enforcement assistance. She reported that she believed her husband, Michael Janssen, was in his car located in her driveway with the door locked. Janssen was concerned because the outside temperature was less than 20 degrees, her husband had been drinking since late morning, December 31, 2008, and she believed he might freeze to death in the car.

**ANSWER: Defendant admits that the dispatch records indicate Janssen called 911 around 2:30 a.m. on January 1, 2009. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5.**

6. Deputy Howse responded to the call in a marked Sangamon County patrol car. Having determined that Ms. Janssen's husband was not in the parked car, Deputy Howse asked if he could come inside her residence to look around. While in the residence, Deputy Howse sexually assaulted and battered Janssen by performing the following acts accompanied by force or threats of force and without her consent:

    a. Performing an act of oral sex upon her;

    b. Forcing her to perform an act of oral sex upon him; and

    c. Penetrating her vagina with his penis.

**ANSWER: Defendant admits that he responded to Janssen's 911 call in a marked car but denies the remaining averments in this paragraph and each and every subparagraph thereto.**

7. As a consequence of these acts, Janssen has suffered physical pain and mental anguish which have, among other things, prevented her from pursuant her usual activities and occupation in the same manner and to the same extent that she did and would have been able to had she not been sexually assaulted and injured as set forth herein.

**ANSWER: Denied.**

8. During the events described in this Complaint, Plaintiff Janssen was obviously intoxicated and was incapable of giving knowing consent to a sexual act.

**ANSWER: Denied.**

60193454v1 908598 13302

## COUNT I
## (42 U.S.C. §1983 – DEPUTY HOWSE)

1-8. Plaintiff realleges paragraphs 1 through 8 of the Allegations Common to All Counts as and for paragraphs 1 through 8 of this Count I.

**ANSWER: Defendant incorporates by reference as though fully set forth herein his previous answers to paragraphs 1 through 8 of the allegations common to all Counts and for his answers to paragraphs 1-8 of Count I.**

9. The Court's jurisdiction of this Court arises from 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is proper in this Court because the actions giving rise to the Complaint occurred in this District.

**ANSWER: Defendant admits the jurisdiction and venue of this action but denies the remaining averments to the extent any liability is suggested.**

10. In performing the sexual assault upon Janssen as set forth herein, Deputy Howse was acting under color of state law. He gained access to Janssen's residence only because he requested access while wearing his uniform, badge and weapon and while purporting to be on official business. At all times during the sexual assault, Deputy Howse wore his uniform and badge and had his service weapon and radio on his person, and during the sexual assault, responded to an official radio call.

**ANSWER: Defendant admits that he acted under color of law but denies the remaining averments in this paragraph, including but not limited to the allegations referencing a sexual assault.**

11. Because Deputy Howse was armed with his service weapon and possessed the *indicia* of his official office, Janssen felt powerless to resist the sexual assault even if she had the capacity to give her consent.

**ANSWER: Denied.**

12. The acts of Deputy Howse deprived the Plaintiff of her liberty and property under color of state law and without due process, in contravention of the Fifth Amendment to the United States Constitution and in violation of 42 U.S.C. §1983.

**ANSWER: Denied.**

13. By reason of the constitutional and statutory violation as set forth herein, the Plaintiff has been damaged in an amount in excess of $50,000.00.

**ANSWER:** **Denied.**

14. The acts of Deputy Howse as set forth herein were done in a willful, malicious, cruel and wanton manner, and in violation of at least two criminal statutes (720 ILCS 5/12-15 and 720 ILCS 5/12-13) for which the Plaintiff requests punitive damages.

**ANSWER:** **Denied.**

WHEREFORE, Plaintiff, Sherry Janssen, demands judgment against Defendant David Howse, for compensatory and punitive damages in an amount to be determined by the jury, plus attorneys fees, expenses and costs as set forth in 42 U.S.C. §1988.

**ANSWER:** **Defendant denies that plaintiff is entitled to the relief prayed for herein or any relief whatsoever.**

## AFFIRMATIVE DEFENSE

1. Defendant is entitled to Qualified Immunity.

## COUNT II
## (§1983 *MONELL* CLAIM: SANGAMON COUNTY AND SHERIFF WILLIAMSON

1-8. Plaintiff realleges paragraphs 1 through 8 of the Allegations Common to All Counts as and for paragraphs 1 through 8 of this Count II.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

9. The Court's jurisdiction of this Court arises from 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is proper in this Court because the actions giving rise to the Complaint occurred in this District.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

10. In performing the sexual assault upon Janssen as set forth herein, Deputy Howse was acting under color of state law. He gained access to Janssen's residence only because he requested access while wearing his uniform, badge and weapon and while purporting to be on official business. At all times during the sexual assault, Deputy Howse wore his uniform and badge and had his service weapon and radio on his person, and during the sexual assault, responded to an official radio call.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

11. Because Deputy Howse was armed with his service weapon and possessed the *indicia* of his official office, Janssen felt powerless to resist the sexual assault.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

4

12. The acts of Deputy Howse deprived the Plaintiff of her liberty and property under color of state law and without due process, in contravention of the Fifth Amendment to the United States Constitution and in violation of 42 U.S.C. §1983.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

13. Deputy Howse is an agent of Sangamon County, which in accordance with State law, operates a Sheriff's Department. Sheriff Williamson is the chief policymaker, with final policymaking authority, for Sangamon County with respect to the operations of the Sheriff's Department.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

14. During Sheriff Williamson's tenure as the Sheriff of Sangamon County, the Sheriff's Department has, with the knowledge and tacit approval of Sheriff Williamson, developed a pattern and practice of physically abusing citizens, having sex on the job, and covering up or doing little or nothing to correct those abuses when citizens have complained, event to the extent of firing an officer who complained to Williamson about the brutal conduct of a fellow officer. The pattern and practice briefly came to light with the release, pursuant to Freedom of Information requests, of certain internal affairs file relating to the Sheriff's Department in the wake of *Gekas v. Williamson*, 393 Ill. App. 3d 573 (4th Dist. 2009). However, in the wake of the *Gekas* disclosures, Sheriff Williamson has again begun routinely to deny such FOIA requests in violation of the plain requirements of the *Gekas* case. The pattern and practice was also admitted by Sgt. Pennington, the internal affairs investigator who investigated Janssen's complaint against Deputy Howse. Sgt. Pennington not only cleared Deputy Howse of wrongdoing with respect to the matters alleged in this Complaint, but he told Janssen that it is not uncommon for police officers to have sexual escapades during their shifts and if the Sheriff's Department fired every deputy who had sex on the job, the Sheriff's Department would have virtually no deputies left. Defendants Sheriff Williamson and Sangamon County thus had a widespread practice of allowing deputies to have sex on the job and violating the rights of citizens that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express departmental policy or law authorizing the practice.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

15. Through the deliberate conduct of Sheriff Williamson in fostering an attitude among his deputies that they are above the law where treatment of citizens is concerned, Sheriff Williamson and the County were the moving force behind the constitutional violations and injury alleged in this complaint.

**ANSWER:** **Defendant does not answer this paragraph as it is not directed toward him.**

WHEREFORE, Plaintiff, Sherry Janssen, demands judgment against Defendant Neil Williamson and Sangamon County for compensatory and punitive damages in an amount to be determined by the jury, plus attorneys fees, expenses and costs as set forth in 42 U.S.C. §1988.

**ANSWER:    Defendant does not answer this paragraph as it is not directed toward him.**

## COUNT III
## (STATE LAW WILLFUL AND WANTON BATTERY CLAIM)

1-8.   Plaintiff realleges paragraphs 1 through 8 of the Allegations Common to All Counts as and for paragraphs 1 through 8 of this Count II.

**ANSWER:    Defendant incorporates by reference as though fully set forth herein his previous answers to paragraphs 1 through 8 of the allegations common to all Counts and for his answers to paragraphs 1-8 of Count III.**

9.   This Count is a state law battery count, over which this Court has pendent jurisdiction. Venue is proper in this Court because the actions giving rise to the Complaint occurred in this District.

**ANSWER:    Defendant admits the court could exercise pendent jurisdiction if it deems same appropriate and that venue is proper.  Defendant denies the remaining averments to the extent they suggest liability.**

10.   In performing the sexual assault upon Janssen as set forth herein, Deputy Howse committed the common law tort of battery.

**ANSWER:    Denied.**

11.   Because the Defendant was armed with his service weapon and possessed the *indicia* of his official office, the Plaintiff felt powerless to resist the sexual assault even if she had the capacity to give her consent.

**ANSWER:    Denied.**

12.   By reason of the battery committed by Deputy Howse, Janssen has been damaged in an amount in excess of $50,000.00.

**ANSWER:    Denied.**

13.   The acts of Deputy Howse as set forth herein were done in a willful, malicious, cruel and wanton manner, and in violation of at least two criminal statutes (720 ILCS 5/12-15 and 720 ILCS 5/12-13) for which the Janssen requests punitive damages.

**ANSWER:    Denied.**

60193454v1 908598 13302

15.[sic]  The acts of Deputy Howse as set forth herein were in connection with law enforcement duties, and were willful and wanton within the meaning of Section 2-202 of the Tort Immunity Act, 745 ILCS 10/2-202.

**ANSWER:    Denied.**

WHEREFORE, Plaintiff, Sherry Janssen, demands judgment against Defendant David Howse, for compensatory and punitive damages in an amount to be determined by the jury, plus attorneys fees, expenses and costs as set forth in 42 U.S.C. §1988.

**ANSWER:    Defendant denies that plaintiff is entitled to the relief prayed for herein or any relief whatsoever.**

## AFFIRMATIVE DEFENSES

1. Defendant is immune under the Illinois Local Governmental Tort Immunity Act, in that he served in a position involving the exercise of discretion and he did not assault plaintiff and his actions were not willful and wanton.

2. Defendant is entitled to public official immunity.

## COUNT IV
## (STATE LAW WILLFUL AND WANTON BATTERY CLAIM: SANGAMON COUNTY AND SHERIFF WILLIAMSON)

1-8.  Plaintiff realleges paragraphs 1 through 8 of the Allegations Common to All Counts as and for paragraphs 1 through 8 of this Count II.

**ANSWER:    Defendant does not answer this paragraph as it is not directed toward him.**

9.  This Count is a state law battery count, over which this Court has pendent jurisdiction. Venue is proper in this Court because the actions giving rise to the Complaint occurred in this District.

**ANSWER:    Defendant does not answer this paragraph as it is not directed toward him.**

10.  In performing the sexual assault upon Janssen as set forth herein, Deputy Howse committed the common law tort of battery.

**ANSWER:    Defendant does not answer this paragraph as it is not directed toward him.**

11.  Because Deputy Howse was armed with his service weapon and possessed the *indicia* of his official office, Janssen felt powerless to resist the sexual assault even if she had the capacity to give her consent.

7

**ANSWER:   Defendant does not answer this paragraph as it is not directed toward him.**

12. By reason of the batter committed by Deputy Howse, Janssen has been damaged in the amount in excess of $50,000.00.

**ANSWER:   Defendant does not answer this paragraph as it is not directed toward him.**

13. The acts of Deputy Howse as set forth herein were done in a willful, malicious, cruel and wanton manner, and in violation of at least two criminal statutes (720 ILCS 5/12-15 and 720 ILCS 5/12-13) for which the Plaintiff requests punitive damages.

**ANSWER:   Defendant does not answer this paragraph as it is not directed toward him.**

14. The acts of Deputy Howse as set forth herein were in connection with law enforcement duties, and were willful and wanton within the meaning of Section 2-202 of the Tort Immunity Act, 745 ILCS 10/2-202.

**ANSWER:   Defendant does not answer this paragraph as it is not directed toward him.**

15. Deputy Howse is an agent of Sangamon County and of Sheriff Williamson.  In accordance with the State law, Sangamon County operates a Sheriff's Department. Sheriff Williamson is the chief policymaker, with final policymaking authority, for Sangamon County with respect to the operations of the Sheriff's Department.

**ANSWER:   Defendant does not answer this paragraph as it is not directed toward him.**

16. During Sheriff Williamson's tenure as the Sheriff of Sangamon County, the Sheriff's Department has, with the knowledge and tacit approval of Sheriff Williamson, developed a pattern and practice of physically abusing citizens, having sex on the job, and then covering up or doing little or nothing to correct those abuses when citizens have complained, event to the extent of firing an officer who complained to Williamson about the brutal conduct of a fellow officer.  The pattern and practice briefly came to light with the release, pursuant to Freedom of Information requests, of certain internal affairs file relating to the Sheriff's Department in the wake of *Gekas v. Williamson*, 393 Ill. App. 3d 573 (4th Dist. 2009).  However, in the wake of the *Gekas* disclosures, Sheriff Williamson has again begun routinely to deny such FOIA requests in violation of the plain requirements of the *Gekas* case.  The pattern and practice was also admitted by Sgt. Pennington, the internal affairs investigator who investigated Janssen's complaint against Deputy Howse.  Sgt. Pennington not only cleared Deputy Howse of wrongdoing with respect to the matters alleged in this Complaint, but he told Janssen that it is not uncommon for police officers to have sexual escapades during their shifts and if the Sheriff's Department fired every deputy who had sex on the job, the Sheriff's Department would have virtually no deputies left.  Defendants Sheriff Williamson and Sangamon County thus had a widespread practice of allowing deputies to have sex on the job and violating the rights of citizens that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express departmental policy or law authorizing the practice.

**ANSWER:** Defendant does not answer this paragraph as it is not directed toward him.

17. In committing the acts complained of herein, Deputy Howse was acting within the scope of his employment.

**ANSWER:** Defendant does not answer this paragraph as it is not directed toward him.

Wherefore, Plaintiff, Sherry Janssen, demand judgment against Defendants Neil Williamson and Sangamon County for compensatory and punitive damages in an amount to be determined by the jury, plus expenses and costs.

**ANSWER:** Defendant does not answer this paragraph as it is not directed toward him.

**DEFENDANT HOWSE DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND AFFIRMATIVE DEFENSES IN THIS COMPLAINT.**

March 22, 2010                                      Respectfully submitted,

/s/ Andrew M. Ramage
Andrew M. Ramage
Attorney Bar No. 6256554
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
aramage@hinshawlaw.com
Attorney for Defendant Howse

9

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 22, 2010, I electronically filed DEFENDANT HOWSE'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

    John M. Myers         jmyers@springfieldlaw.com

    Dan Fultz              fultzlawoffice@yahoo.com

and I hereby certify that on _____, I mailed by United States Postal Service, the document(s) to the following non-registered participants: **NONE**

                                          /s/Andrew M. Ramage
                                          Hinshaw & Culbertson LLP
                                          400 S. 9th St., Suite 200
                                          Springfield, IL 62701
                                          Phone: 217-528-7375
                                          Fax: 217-528-0075
                                          E-mail: aramage@hinshawlaw.com
                                          Attorney Bar No. 6256554
                                          Attorney for Defendant Howse