IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHERRY JANSSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-3340 |
| | ) |
| DAVID HOWSE, NEIL WILLIAMSON, and SANGAMON COUNTY, | ) |
| | ) |
| Defendants. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Sangamon County's Motion to Dismiss (d/e 5). Sangamon County (or "the County") asserts that Plaintiff Sherry Janssen fails to state a claim against it because the County cannot be held liable for the acts at issue under a respondeat superior theory. For the reasons set forth below, the Motion to Dismiss is denied.

BACKGROUND

Janssen's four-count Complaint (d/e 1) alleges 42 U.S.C. § 1983 (Counts I & II) and willful and wanton battery claims (Counts III & IV)

1

against Sangamon County Deputy Sheriff David Howse, individually and in his official capacity; Sangamon County Sheriff Neil Williamson, in his official capacity; and Sangamon County. For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Janssen. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Thus, the following facts are taken from the allegations of Janssen's Complaint.

At approximately 2:30 a.m. on January 1, 2009, Janssen called 9-1-1 and requested emergency law enforcement assistance. Janssen believed that her husband was locked in his car in her driveway. Janssen was concerned because her husband had been drinking since the late morning of December 31, 2008. The outside temperature was less than 20 degrees Fahrenheit, and Janssen believed that her husband might freeze to death in the car.

Defendant Deputy Howse responded to the call in a marked Sangamon County patrol car. He determined that Janssen's husband was not in the parked car and asked whether he could come into the residence to look around. Howse gained access to Janssen's house only because he

requested access while wearing his uniform, badge and weapon, and while purporting to be on official business.

While in Janssen's residence, Deputy Howse sexually assaulted her. He performed oral sex upon Janssen, forced her to perform oral sex upon him, and penetrated Janssen's vagina with his penis. All of these acts were done without Janssen's consent and were accompanied by force or threats of force. During the events described, Janssen was obviously intoxicated and incapable of giving knowing consent to a sex act. During the events described, Deputy Howse wore his uniform and badge and had his service weapon and radio on his person. During the sexual assault, Howse responded to an official radio call.

## ANALYSIS

Defendant Sangamon County asks the Court to dismiss both of Janssen's claims against it with prejudice. According to Sangamon County, it is not a proper Defendant in this action. Sangamon County argues that it cannot be held liable on Counts II or IV under a theory of respondeat superior because Sheriff Williamson is an independent county officer. Janssen concedes that the County cannot be held liable under a respondeat superior theory, but objects to the dismissal of the County from the lawsuit.

3

Janssen argues: (1) that she is alleging an independent tort by the County and (2) that the County is a necessary party to the litigation.

Dismissal is appropriate when a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need not contain detailed, specific factual allegations; however, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Court turns first to Count II, Janssen's § 1983 claim against the County and Defendant Williamson in his official capacity. To state a claim for relief under § 1983, Janssen must allege that she was deprived of a federal constitutional right by an individual or individuals acting under color of state law. See Jones v. Wilhelm, 425 F.3d 455, 465 (7th Cir. 2005). "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978). However, a municipality can be held liable under § 1983 if an express policy or custom of the municipal entity causes a constitutional

4

violation. Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 478 (7th Cir. 1997).

In Count II, Janssen alleges that Howse "is an agent of Sangamon County, which in accordance with State law, operates a Sheriff's Department." Complaint, p. 5, ¶ 13. Count II further asserts that "Defendants Sheriff Williamson and Sangamon County [] had a widespread practice of allowing deputies to have sex on the job and violating the rights of citizens that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express departmental policy or law authorizing the practice." Id., p. 5-6, ¶ 14. Count II also alleges as follows: "Through the deliberate conduct of Sheriff Williamson in fostering an attitude among his deputies that they are above the law where treatment of citizens is concerned, Sheriff Williamson and the County were the moving force behind the constitutional violations and injury alleged in this Complaint." Id., p. 6, ¶ 15.

Count IV alleges a state law willful and wanton battery claim against the County and Defendant Williamson in his official capacity. Under certain circumstances, an employer may be held liable for torts committed by an employee within the scope of his employment. Pyne v. Witmer, 543

N.E.2d 1304, 1308 (Ill. 1989). Count IV alleges that "Deputy Howse is an agent of Sangamon County and of Sheriff Williamson. In accordance with State law, Sangamon County operates a Sheriff's Department. Sheriff Williamson is the chief policymaker, with final policymaking authority, for Sangamon County with respect to the operations of the Sheriff's Department." Complaint, p. 8, ¶ 15. Count IV further asserts that "Defendants Sheriff Williamson and Sangamon County [] had a widespread practice of allowing deputies to have sex on the job and violating the rights of citizens that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express departmental policy or law authorizing the practice." Id., p. 9, ¶ 16. Finally, Count IV alleges that Deputy Howse was acting within the scope of his employment in committing the acts in question. Id., p. 9, ¶ 17.

Janssen's assertions that Sangamon County operates the Sheriff's Department and that Deputy Howse is an agent of Sangamon County fail as a matter of law. In Illinois, a county sheriff is an independent county officer who answers to the electorate and not an employee of the county in which the sheriff serves. Askew v. Sheriff of Cook County, Ill., 568 F.3d 632, 636 (7th Cir. 2009). Thus, a county cannot be liable for the sheriff's

actions under a theory of respondeat superior. Moy v. County of Cook, 640 N.E.2d 926, 928-30 (Ill.1994); see also Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995). It is the responsibility of the sheriff to appoint and hire deputies. Askew, 568 F.3d at 636 (citing 55 ILCS 5/3-6008). Because Sheriff Williamson is an independent county officer, neither he nor any of the deputies who report to him, are employees of Sangamon County. See Estate of Carlock ex rel. Andreatta-Carlock v. Williamson, 2009 WL 2985717, at *2 (C.D. Ill. September 14, 2009). Sangamon County, therefore, cannot be either vicariously or directly liable for the wrongful actions of Deputy Howse alleged in Counts II and IV.

However, Janssen's argument that Sangamon County is a necessary party to the litigation is persuasive. Janssen asserts that Sangamon County must remain a party due to its obligation to pay any judgment entered against the Sheriff in his official capacity. In Carver v. Sheriff of LaSalle County, the Seventh Circuit certified the following question to the Illinois Supreme Court: "who is responsible for paying an official-capacity judgment against an independently elected county officer?" See Carver, 324 F.3d 947, 947 (7th Cir. 2003) (per curiam). The Illinois Supreme accepted the certification and held as follows:

> [U]nder Illinois law a sheriff, in his or her official capacity, has the authority to settle and compromise claims brought against the sheriff's office. Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity. We further hold that this conclusion is not affected by whether the case was settled or litigated.

Id. at 947-48 (citing Carver v. Sheriff of LaSalle County, 787 N.E.2d 127, 141 (Ill. 2003)). The Seventh Circuit held that the Illinois court's "answer implies an additional point of federal law: that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." Id. at 948. According to the Seventh Circuit, "[b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." Id.; see also Riley v. County of Cook, 682 F.Supp.2d 856, 860-61 (N.D. Ill. 2010). Therefore, under controlling precedent, Sangamon County cannot be entirely dismissed from this suit. The County's Motion to Dismiss must be denied.

## CONCLUSION

THEREFORE, as set forth above, Defendant Sangamon County's Motion to Dismiss (d/e 5) is DENIED. Defendant Sangamon County is directed to answer Plaintiff's Amended Complaint on or before August 2,

2010. The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:

    FOR THE COURT:

                                      s/ Jeanne E. Scott  
                                      JEANNE E. SCOTT  
                        UNITED STATES DISTRICT JUDGE