IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHERRY JANSSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-CV-3340 |
| ) | |
| DAVID HOWSE, NEIL WILLIAMSON, ) | |
| and SANGAMON COUNTY, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Sherry Janssen's Motion to Compel Answers to Interrogatories and Production of Certain Documents (d/e 23) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

Janssen alleges § 1983 claims and supplemental state law claims against Defendant Sangamon County, Illinois, Sheriff Neil Williamson and Deputy Sheriff David Howse based on Howse's alleged sexual assault of Janssen. Janssen's claims include a § 1983 municipal liability claim against Sangamon County and Defendant Sangamon County Sheriff Neil Williamson in his official capacity, pursuant to Monell v. Department of

Social Services of City of New York, 436 U.S. 658, 690-91 (1978)..

Janssen alleges, in part,

> During Sheriff Williamson's tenure as the Sheriff of Sangamon County, the Sheriff's Department has, with the knowledge and tacit approval of Sheriff Williamson, developed a pattern and practice of physically abusing citizens, having sex on the job, and covering up or doing little or nothing to correct those abuses when citizens have complained, event [sic] to the extent of firing an officer who complained to Williamson about the brutal conduct of a fellow officer. The pattern and practice briefly came to light with the release, pursuant to Freedom of Information requests, of certain internal affairs file relating to the Sheriff's Department in the wake of *Gekas v. Williamson*, 393 Ill. App. 3d 573 (4th Dist. 2009). However, in the wake of the *Gekas* disclosures, Sheriff Williamson has again begun routinely to deny such FOIA requests in violation of the plain requirements of the *Gekas* case. The pattern and practice was also admitted by Sgt. Pennington, the internal affairs investigator who investigated Janssen's complaint against Deputy Howse. Sgt. Pennington not only cleared Deputy Howse of wrongdoing with respect to the matters alleged in this Complaint, but he told Janssen that it is not uncommon for police officers to have sexual escapades during their shifts and if the Sheriff's Department fired every deputy who had sex on the job, the Sheriff's Department would have virtually no deputies left. Defendants Sheriff Williamson and Sangamon County thus had a widespread practice of allowing deputies to have sex on the job and violating the rights of citizens that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express departmental policy or law authorizing the practice.

Complaint (d/e 1), Count II ¶ 14.

In July 2010, Janssen served interrogatories and requests to produce on Defendants. Motion, Exhibits A and B, Plaintiff's First Request for Production of Documents, and Plaintiff's First Set of Interrogatories.

Defendants objected to some of the interrogatories and document requests.  Motion, Exhibits C, and D, <u>Objections to Plaintiff's First Set of Interrogatories</u>, <u>Defendants' Answers to Plaintiff's First Set of Interrogatories</u>, and <u>Defendants' Response to Plaintiff's First Request for Production of Documents</u>.  Janssen's counsel has certified that he has conferred with defense counsel to resolve these objections, but some still remain.  <u>Motion</u>, ¶ 1.  Janssen now moves to compel production of documents responsive to certain disputed requests and answers to certain interrogatories.

LEGAL PRINCIPLES OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  <u>See</u> <u>Brown-Bey v. United States</u>, 720 F.2d 467, 470-471 (7th Cir.1983); <u>Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.</u>, 657 F.2d 890, 902 (7th Cir.1981); <u>see</u> <u>also</u>, <u>Indianapolis Colts v. Mayor and City Council of Baltimore</u>, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear

showing of an abuse of discretion).  "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. <u>Packman</u> at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. <u>Id</u>. Remember, we are talking discovery, <u>not</u> admissibility at trial. With these principles in mind, the Court addresses Janssen's Motion.

ANALYSIS

I. <u>Requests to Produce</u>

Janssen asks the Court to compel Defendants to produce documents responsive to requests 5, 12, 13, 14 and 16. <u>Motion</u>, and Exhibit A, <u>Plaintiff's First Request for Production of Documents</u>. The Court addresses these interrogatories in order below.

    A. <u>Request No. 5</u>

Janssen requested Defendant Howse's personnel file. The Defendants withheld 23 pages of the file based on the Illinois Personnel Record Review Act. The Defendants also object on relevance grounds. The objection based on the Illinois Personnel Record Review Act is overruled. Defendants argue that under Illinois law, the Sangamon County

Sheriff's Department (Sheriff's Department) was not required to keep the 23 pages in the personnel file. That is irrelevant. Illinois law provides no basis to exempt the documents from discovery in federal court. If the 23 pages were in the file, then they are responsive to the document request.

Defendants further argue that the documents are not relevant. The Defendants state that the withheld documents concern discipline by another employer that occurred more than ten years ago. The Court directs the Defendants to provide the 23 pages to the Court for *in camera* review. The Court will determine whether they are properly discoverable.

The Defendants also express concerns about Howse's right to confidentiality. Any concerns about confidentiality are addressed by the protective orders in place. HIPAA Qualified Protective Order (d/e 10) and Stipulated Protective Order (d/e 21) (collectively Protective Orders). If Defendants believe the Protective Orders are inadequate, they may propose amendments to improve the protections for confidential information. The Defendants, however, are ordered to provide the responsive documents to the Court for *in camera* review.

    B.    Request No. 12

Document Request Number 12 asked for the complete file pertaining to the dismissal of former Deputy Craig Anderson. The Defendants said no documents existed because Anderson resigned. The Defendants are

ordered to produce the complete file pertaining to the termination of the employment of Anderson whether by dismissal or resignation. Anderson complained to Williamson about Field Training Officer Deputy John Gillette's abusive comments and attitudes toward Janssen and members of the public. See <u>Plaintiff's Reply to Defendants Williamson's and Sangamon County's Response to Plaintiff's Motion to Compel (d/e 25) (Reply)</u>, Exhibit B, <u>Letter from Craig Anderson to Sheriff Williamson dated May 15, 2005</u>. Anderson's employment then terminated. Janssen presents evidence that Anderson was told to resign after he complained about Gillette. <u>Reply</u>, Exhibit A, <u>In re Anderson, Department Employment Security Appeals Division Case No. AR-5029992A, Decision mailed August 1, 2005</u>. Janssen, thus, has a basis to claim that Anderson was dismissed. The Defendants are ordered to produce the file related to the termination of Anderson's employment. These documents are not to be used outside of this litigation and are subject to the Protective Order entered herein.

    The Defendants also object on relevance grounds. The objection is overruled. Janssen alleges a custom and practice within the Sheriff's Department of abuse and violence toward the public. Information regarding Anderson's complaints and the subsequent termination of his

employment is reasonably calculated to lead to relevant evidence regarding this allegation.

The Defendants also complain that Janssen has presented no facts to support her request. The party opposing discovery, however, has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. at 656. Thus, the Defendants have the burden of proof on this issue, not Janssen. Janssen has further provided a basis for the relevance of the request as explained above. The Defendants are ordered to produce the responsive documents.

C. Request No. 13

Request Number 13 asks for all investigatory files generated as a result of Anderson's complaints about Deputy Gillette. The Defendants object on relevance grounds. The objection is overruled. The Defendants are ordered to produce the responsive documents. Again, Janssen alleges a custom and practice within the Sheriff's Department of abuse and violence toward the public. The Sheriff's Department's response to complaints about abusive behavior by Deputy Gillette may lead to evidence relevant to this allegation. The Defendants also complain that Janssen has presented no facts to support this request. Again, the Defendants have the burden of proof to establish that the discovery should not be allowed, not Janssen. The Defendants are ordered to produce the documents, which

again are not to be used outside of this litigation and are subject to the Protective Order entered previously herein.

D. Request No. 14

Request Number 14 asks for the files pertaining to Deputy Gillette that were redacted in the state case, Gekas v. Williamson, 393 Ill.App.3d 573, 912 N.E.2d 347 (Ill. App. 4th Dist. 2009). Deputy Gillette was investigated for abusive conduct. Id., 912 N.E.2d at 350. Redacted versions of the investigative files were produced pursuant to the Illinois Freedom of Information act in the Gekas case. Janssen wants the redacted portions of the file. The Defendants object on relevance grounds and on the grounds that the redacted portions were properly withheld under the Illinois Freedom of Information Act. The objection based on the Illinois Freedom of Information Act is overruled. The Illinois Freedom of Information Act is irrelevant to discovery in federal court. The confidential information can be protected through the Protective Orders, or Defendants may propose an additional protective order.

With respect to the relevance objection, the Defendants are ordered to provide the redacted information to the Court for *in camera* review. The Court will review the information and determine whether the material is discoverable.

E. Request No. 16

Request Number 16 asks for records pertaining to payments of settlements by Sangamon County or the Sheriff's Department relating to claims of excessive force. The Defendants object on relevance grounds, on the grounds that some of the settlements may contain confidentiality clauses, and on grounds that the request has no time frame. The Court sustains the objections. The amount of settlements or the payment of settlements is not relevant and not likely to lead to relevant evidence.

II. Interrogatories

Janssen moves to compel answers to Interrogatories 3, 4, and 6. Motion and Exhibit B, Plaintiff's First Set of Interrogatories. The Court will address each interrogatory in order.

A. Interrogatory 3

Interrogatory 3 asks for any steps that the Sheriff's Department took as a result of investigation of Deputy Gillette, or other alleged police brutality incidents, to train its officers on how to deal with the public during encounters with the public. Defendants state that deputies are trained on how to deal with public encounters, but the training is not related to the investigation of Deputy Gillette or any other specific incident. Response to Plaintiff's Motion to Compel (d/e 24) (Response), at 5. Defendants also object on relevance grounds, but do not object to disclosing that deputies

are trained on how to deal with the public.  Id.  The Defendants, therefore, are directed to describe the training given to deputies on how to deal with the public.  The Defendants have otherwise answered the remaining part of the interrogatory in their Response; deputy training on how to handle public encounters was not the result of any specific incident, such as the investigation of Deputy Gillette.  The remainder of the objection is therefore denied as moot.

    B.    Interrogatory 4

Interrogatory 4 asks for the identity of all persons involved in the decision to terminate Deputy Anderson and their involvement in the decision.  During the parties' discussions to resolve this discovery dispute, Janssen modified this interrogatory to ask for the identity of all person who were aware of Anderson's complaints against fellow officers prior to his firing or resignation as the case may be.  The Defendants object on relevance grounds.  The objection is overruled.  The identity of people who may be aware of Anderson's complaint may be relevant to Janssen's allegations that the Sheriff's Department had a custom, pattern or practice of treating the public with violence and abuse.  The response of supervisory personnel to complaints of violence and abuse may be relevant to show the attitude within the Sheriff's Department to violence and abuse of the public.  The Defendants also complain that Janssen has not

presented evidence of a custom or practice, but again, at this point the Defendant have the burden to proof to support their objections. Janssen is not required to prove her allegations at the discovery stage. The Defendants are directed to answer interrogatory #4.

C.   Interrogatory 6

Interrogatory 6 asks whether the Sheriff's Department or Sangamon County has ever become aware of steroid use within the Sheriff's Department, and if so, the response to such allegations. The Defendants object on relevance grounds. The objection is sustained. Any alleged steroid use is not likely to lead to relevant evidence about violence or abusive treatment of the public.

WHEREFORE, Plaintiff Sherry Janssen's Motion to Compel Answers to Interrogatories and Production of Certain Documents (d/e 23) is ALLOWED in part and DENIED in part. The Defendants are ordered to provide documents for *in camera* review to the Court, and to provide answers and documents to Janssen, as set forth in this Opinion by July 22, 2011.

ENTER:   June 27, 2011

  *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE